**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**LYCASTE, LLC**
**Plaintiff,**

**vs.** **Civil Action No. 4:23-cv-968-JM**

**THE ESTATE OF DIXIE HUGHES, Deceased, et al.,**
**Defendants.**

## DEFAULT JUDGMENT

Currently before the Court is the Motion for Default Judgment (Doc. 18) filed by Plaintiff, Lycaste, LLC ("Plaintiff"). The record reflects that personal service was obtained upon Defendants David Allan Hughes, Billie Maxine Hughes, Zachary Allen Taylor Hughes, Amanda M. Hughes, Brandi Nicole Hughes, and Steven Scott Hughes (collectively, the "Defendants"). (Docs. 11, 12.) The Clerk entered default against the Defendants pursuant to Federal Rule of Civil Procedure 55(a) on July 25, 2025. (Doc. 16). The Complaint seeks a judgment, decree of foreclosure and sale, declaration that Plaintiff holds the senior lien interest in the subject property, clarification of the amounts due under the Note and Mortgage, and an award of attorney's fees and costs. (Doc. 1.)

In support, Plaintiff provided affidavits showing the amount due on the Note and Mortgage (Docs. 18-1, 18-2) and attorney's fees and costs (Docs. 18-3), which the Court has considered. The subject property (the "Property"), located at 163 Lower McGuire Loop, Russellville, AR 72802, is more particularly described as follows:

> **PART OF THE NE/4 NE/4 OF SECTION 35, TOWNSHIP 8 NORTH, RANGE 20 WEST, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE SE CORNER OF SAID NE/4 NE/4; THENCE NORTH 200 FEET; THENCE WEST 300 FEET; THENCE SOUTH 200 FEET; THENCE EAST 300 FEET TO THE POINT OF BEGINNING.**

**A/K/A 163 LOWER MCGUIRE LOOP, RUSSELLVILLE, AR 72802-7879.**

The Court has determined that a hearing under Federal Rule of Civil Procedure 55(b)(2) is unnecessary, as the amount due is capable of mathematical computation from Plaintiff's affidavits.

The Court credits Plaintiff's sworn affidavits and the exhibits on which they rely. (Docs. 18-1, 18-2.) In view of Defendants' default, Plaintiff is entitled to default judgment in its favor and against Defendants. The Court agrees Plaintiff may recover the principal balance, interest owed, escrow advances, late charges, and fees claimed in its affidavit for a total sum of $70,778.15.

Plaintiff is also entitled to post-judgment interest, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, or approximately 4.01%. Such interest will accrue until paid in full.

Finally, counsel for Plaintiff submitted an affidavit in support of the request for fees and costs. (Doc. 18-3.) The Court approves an award of $987.78 in costs. The Court also approves the request for fees, having considered the following factors: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer. Chrisco v. Sun Indus., Inc., 304 Ark. 227, 229 (1990).

The Court finds that the flat fee of $7,750.00 charged by Plaintiff's counsel, Damian Waldman, for prosecuting this uncontested residential foreclosure action is reasonable, having considered industry guidelines for residential foreclosures, the time and labor reasonably expended by lawyers in the community handling similar matters, the experience of counsel's firm in handling these types of matters, and current market conditions. For these reasons, the Court approves a total fee of $7,750.00.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

(1) Any claim, right, title, or interest in the Property that might be held by Defendants David Allan Hughes, Billie Maxine Hughes, Zachary Allen Taylor Hughes, Amanda M. Hughes, Brandi Nicole Hughes, and Steven Scott Hughes, or any of them, is declared junior, subordinate, and inferior to any and all claims, right, title, and interest held by Plaintiff, Lycaste, LLC.

(2) Plaintiff, Lycaste, LLC, is granted judgment *in rem* against Defendants David Allan Hughes, Billie Maxine Hughes, Zachary Allen Taylor Hughes, Amanda M. Hughes, Brandi Nicole Hughes, and Steven Scott Hughes, and against the Property, for $79,515.93.

(3) Plaintiff, Lycaste, LLC, as the current owner and holder of the Note and Mortgage, has good standing to proceed with foreclosure;

(4) Plaintiff, Lycaste, LLC, is declared to have first lien position on the Property;

(5) The Property is to be sold, and the proceeds of the sale shall be distributed by further order of this Court; and

(6) All writs and processes necessary for the enforcement and execution of this Judgment may issue.

**IT IS SO ORDERED** on this 28th day of July, 2026.

JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE