**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**LYCASTE, LLC**
**Plaintiff,**

**vs.** **Civil Action No. 4:23-cv-968-JM**

**THE ESTATE OF DIXIE HUGHES, Deceased, et al.,**
**Defendants.**

**ORDER OF SALE**

This suit required the Court to determine the respective interests of the named parties in a piece of real estate located at 163 Lower McGuire Loop, Russellville, Arkansas 72802 (the "Property"), and described more particularly as:

> **PART OF THE NE/4 NE/4 OF SECTION 35, TOWNSHIP 8 NORTH, RANGE 20 WEST, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE SE CORNER OF SAID NE/4 NE/4; THENCE NORTH 200 FEET; THENCE WEST 300 FEET; THENCE SOUTH 200 FEET; THENCE EAST 300 FEET TO THE POINT OF BEGINNING.**
>
> **A/K/A 163 LOWER MCGUIRE LOOP, RUSSELLVILLE, AR 72802-7879.**

The Court entered judgment on 7/28/2026, thereby adjudicating the interests of the parties, permitting Plaintiff to proceed with foreclosure, and ordering the sale of the Property.

**IT IS HEREBY ORDERED** that the Property be sold at public auction conducted by the United States Marshal for the Eastern District of Arkansas acting as Commissioner. The terms and conditions of sale are as follows:

(1) The United States Marshal is directed to take custody and arrange for the sale of the Property.

(2) The United States Marshal shall advertise the time, place, and terms of the public auction once a week for four (4) consecutive weeks in a newspaper having general circulation in Pope County, Arkansas.

(3) The Marshal shall conduct the auction at the front door of the United States Courthouse serving Pope County, Arkansas, or at such other location as the Marshal shall designate in the published notice of sale, and the Property will be sold to the highest bidder in accordance with the terms of this Order.

(4) The Property shall be advertised for auction on an "as is" basis without any warranty as to the Property's condition.

(5) Each bidder must possess a pre-approval letter and/or a letter of credit from an accredited lending institution that states the exact amount of credit for which the bidder has been approved, unless the bidder intends to pay the full purchase price in cash or certified funds.

(6) Plaintiff shall be entitled to a bid credit equal to the total liquidated judgment amount, such that if Plaintiff is the winning bidder, the cash due at closing, if any, shall be an amount equal to Plaintiff's winning bid less the total liquidated judgment. Plaintiff shall also be entitled to a bid credit equal to any sums paid to clear title, including the payment of property taxes, upon submission of a sworn affidavit.

(7) Plaintiff shall not bid at the sale less than 80% of the estimated market value of the Property, or $119,920.00, based upon the online valuation estimate of $149,900.00 referenced in Plaintiff's Motion for Default Judgment.

(8) The top three (3) bids are binding bids. If the winning bidder is unable to close within sixty (60) days of the auction date, then the second-highest bidder becomes the

winning bidder and must close within forty-five (45) days thereafter. If the second-highest bidder is unable to close, then the third-highest bidder becomes the winning bidder and must close within forty-five (45) days thereafter.

(9) All persons, if any, occupying the Property shall vacate the Property permanently within 45 days of the date of the Court's entry of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified, the Marshal is authorized to take all actions that are reasonably necessary to have those persons ejected or excluded, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

(10) Any personal property remaining on the Property later than 45 days after the date of the Court's entry of this Order of Sale is deemed forfeited and abandoned, and the Marshal is authorized to dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court for the Eastern District of Arkansas, and the Clerk of the Court is directed to accept cash and checks and deposit such items

into the Court's registry for distribution pursuant to further order of this Court. This Order of Sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

(11) The parties shall not commit waste, damage, or deterioration to the Property. "Damage" is defined to include the removal of any mineral interests, rocks, trees, or other substances that could in any way devalue the Property.

(12) The proceeds from the auction shall be paid, first, to the costs of the auction, including the Marshal's fee/commissions and publication costs; second, to the payment of the judgment owed to Plaintiff; third, to the payment of any outstanding property taxes; and fourth, to Defendants David Allan Hughes, Billie Maxine Hughes, Zachary Allen Taylor Hughes, Amanda M. Hughes, Brandi Nicole Hughes, and Steven Scott Hughes, as their interests may appear.

(13) Upon receipt of the auction proceeds and confirmation of the auction, the Marshal shall execute and deliver to the purchaser of the Property a Commissioner's Deed conveying all title and interest in and to the Property. Upon receipt of such conveyance, the purchaser shall be entitled to immediate possession of the Property.

(14) The Court shall retain control and jurisdiction of this cause for such further and other orders as may be necessary to enforce this Order of Sale and the rights and obligations of the parties.

(15) The Marshal shall provide the Court with a Report of Sale confirming compliance with this Order. Once such Report is received, the case will be concluded.

(16) Within 7 days of entry of this Order of Sale, the Marshal shall post a copy of this Order on the door and in the mailbox of the Property.

**IT IS SO ORDERED** on this 28th day of July, 2026.

JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE